IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher A. Trinemeyer, ) | C/A No. 0:15-4325-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Christopher A. Trinemeyer, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

### SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

>   (1)   whether the claimant is engaged in substantial gainful activity;
>
>   (2)   whether the claimant has a "severe" impairment;
>
>   (3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;
>
>   (4)   whether the claimant can perform his past relevant work; and
>
>   (5)   whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



## ADMINISTRATIVE PROCEEDINGS

In May 2011, Trinemeyer applied for DIB, alleging disability beginning September 1, 2010.[2] Trinemeyer's application was denied initially and upon reconsideration, and he requested a hearing before an ALJ. A hearing was held on May 15, 2015, at which Trinemeyer, who was represented by Jarrett S. Calder, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on June 9, 2015 finding that Trinemeyer was not disabled. (Tr. 17-32.)

Trinemeyer was born in 1983 and was twenty-nine years old on his amended disability onset date. (Tr. 31.) He has a high school education and obtained a welding certification. (Tr. 190.) He has past relevant work experience as a welder and an electronics installer, and served in the United States Marine Corps. (Tr. 190.) Trinemeyer alleged disability due to post-traumatic stress disorder, depression, and peroneal tendon reconstruction. (Tr. 189.)

In applying the five-step sequential process, the ALJ found that Trinemeyer had not engaged in substantial gainful activity since August 2, 2013—his amended alleged onset date. The ALJ also determined that Trinemeyer's post-traumatic stress disorder, degenerative joint disease, history of traumatic head injury, and migraines were severe impairments. However, the ALJ found that Trinemeyer did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Trinemeyer retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a) except he can do no climbing. The claimant can occasionally crawl, kneel, stoop, balance, and crouch. He can have no exposure to work hazards and cannot work in a team setting. The

---

[2] Trinemeyer later amended his alleged disability onset date to August 2, 2013.



> claimant is limited to occasional contact with the general public and can have only occasional and gradually introduced changes in work setting or procedure. He cannot work in a fast paced production environment.

(Tr. 22.) The ALJ found that Trinemeyer was unable to perform any past relevant work, but that, considering Trinemeyer's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Trinemeyer could perform. Therefore, the ALJ found that Trinemeyer was not disabled from August 2, 2013—his amended alleged onset date—through the date of the decision.

The Appeals Council denied Trinemeyer's request for review on August 18, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.

PJG

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Trinemeyer raises the following issues for this judicial review:

I. The ALJ failed to properly assess opinion evidence.

II. The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

III. The ALJ failed to properly evaluate Trinemeyer's credibility.

(Pl.'s Br., ECF No. 19.)

## DISCUSSION

**A.     Opinion Evidence**

   **1.     Department of Veteran Affairs Disability Rating**

Trinemeyer first argues that the ALJ erred in failing to properly evaluate the disability rating of the Department of Veterans Affairs, citing Bird v. Astrue, 699 F.3d 337 (4th Cir. 2012).  Pertinent here, in Bird, the United States Court of Appeals for the Fourth Circuit addressed for the first time the weight that the Social Security Administration must afford to a Department of Veterans Affairs ("VA") disability rating.  Specifically, the Bird Court held that

> in making a disability determination, the SSA must give substantial weight to a VA disability rating.  However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Bird, 699 F.3d at 343.

Here, the ALJ stated that he



> acknowledges that the Department of Veterans Affairs (VA) has assigned the claimant a 90 percent service connected disability rating with ratings assigned to individual impairments as follows: 70% posttraumatic stress disorder; 20% limited motion of ankle; 10% lumbosacral or cervical strain; 10% bursitis; 10% lumbosacral or cervical strain; 10% facial scars; 10% tinnitus; 10% flat foot condition; 10% traumatic brain disease; and 10% limited motion of the jaw (Exhibit 3F/12). Pursuant to Bird v. Commissioner of Social Security, 699 F.3d 337 (4th Cir. 2012), the undersigned has considered the VA disability rating. In Bird, the Fourth Circuit Court of Appeals found that the SSA must give "substantial weight" to a VA disability rating, while recognizing that the Commissioner may give less weight to a VA disability rating "when the record before the Administrative Law Judge clearly demonstrates that such a deviation is appropriate" (Id. at 343). The opinion in Bird also recognized that the "SSA employs its own standards for evaluating a claimant's alleged disability, and [] the effective date of coverage . . . under the two programs with likely vary" (Id.). The undersigned notes that the VA rating of the claimant as 90% disabled is vague and offers very little insight into the claimant's specific work related abilities and limitations. However, the residual functional capacity that the claimant is limited to less than the full range of sedentary work describes significant restrictions and is not necessarily inconsistent with the VA assessment.

(Tr. 29-30.)

Trinemeyer argues that the ALJ could not have properly evaluated the VA rating because the actual VA rating decision was not included in the record, and further argues that the ALJ should have obtained the rating decision notwithstanding the fact that Trinemeyer was represented by counsel before the ALJ. However, the court does not read Bird so broadly as to require the ALJ to obtain all of the claimant's VA disability rating records to evaluate the VA rating. The ALJ "is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record," and Trinemeyer has failed to demonstrate that this record is incomplete. Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir.1994) (cited in Bell v. Charter, No. 95-1089, 1995 WL 347142, at *4 (4th Cir. 1995)); see also Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record



is inadequate to allow for proper evaluation of the evidence."). Bird requires the ALJ to weigh the VA rating in evaluating a claimant's disability application, which the ALJ did in this case.

Additionally, Trinemeyer has failed to show any prejudice from the ALJ's alleged failure to obtain the VA rating decision. See Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000) (requiring a claimant to show prejudice from an ALJ's failure to develop the record, which requires demonstrating that he "could and would have adduced evidence that might have altered the result") (internal quotation marks and citations omitted). Whether he is represented or not, the claimant bears the burden of proof, and he is responsible for providing evidence to support his application and demonstrate disability. See 20 C.F.R. § 404.1512(a) & (c); 42 U.S.C. § 423(d)(5)(A). Here, Trinemeyer has apparently never attempted to provide the rating decision at any step in the process, and he has failed to show that the rating decision might have altered the ALJ's decision. In fact, the ALJ's decision reflects that he specifically considered the voluminous medical records in this matter, including a detailed discussion and evaluation of Trinemeyer's VA compensation and pension examinations conducted in February and April 2015 in connection with Trinemeyer's VA disability rating.

Trinemeyer's alternative argument that the ALJ's evaluation of the VA disability rating is unsupported by substantial evidence is similarly unavailing. The ALJ's decision reflects specific consideration of Trinemeyer's medical records including the VA compensation and pension examinations underpinning the VA rating, as well as evaluation of the opinion evidence. Thus, Trinemeyer is unable to demonstrate that the ALJ's determination that "the residual functional capacity that the claimant is limited to less than the full range of sedentary work describes significant



restrictions and is not necessarily inconsistent with the VA assessment" is unsupported by substantial evidence or contrary to the holding in Bird.

### 2. Dr. Norman Farley

Trinemeyer also challenges the ALJ's evaluation of the opinion evidence from Dr. Norman Farley. With regard to this evidence, the ALJ found as follows:

> In April 2015, Norman Farley, Ph.D., found that the claimant continued to meet the criteria for PTSD with secondary depression. Dr. Farley opined that the claimant's symptoms had worsened and his functioning had decreased since the prior evaluation, despite engaging in treatment. He noted that it was unclear how long the claimant could continue attending college considering the severity of his current symptoms. At that time, the claimant was marginally successful given the extra help and support (Exhibit 9F/42). The undersigned has considered Dr. Farley's opinion and accorded it limited weight, as it is based on a single examination of the claimant and is not entirely consistent with the medical evidence of record, which fails to document worsening mental symptoms and decreased functioning over time.

(Tr. 29.)

Trinemeyer argues that the ALJ erred in failing to explain how Trinemeyer's PTSD symptoms improved with treatment, citing records documenting Trinemeyer's issues with anger and outbursts. (See Pl.'s Br. at 23-24, ECF No. 19 at 23-24.) However, the ALJ did not discount Dr. Farley's opinion based on a finding of improvement with treatment; rather, the ALJ explicitly found that, contrary to Dr. Farley's statements, the record did not document a worsening of symptoms and a decreasing of function over time.

With regard to the ALJ's statement that Dr. Farley's opinion was based on a single examination, Trinemeyer argues that Dr. Farley's opinion is based on statements made by Trinemeyer's counselor, who saw Trinemeyer regularly. However, Trinemeyer's argument is insufficient to demonstrate that the ALJ's evaluation of Dr. Farley's opinion is unsupported by



substantial evidence or controlled by an error of law. In fact, the ALJ's evaluation reveals that he considered the relevant factors and weighed Dr. Farley's opinion accordingly. See Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (discussing the non-exclusive list in evaluating and weighing opinion evidence) (citing 20 C.F.R. § 404.1527); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted); see also Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

**B.     Residual Functional Capacity**

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's residual functional capacity.

Trinemeyer submits that the ALJ failed to properly evaluate whether Trinemeyer could perform the sitting and walking requirements of sedentary work. In support of this argument, Trinemeyer points to evidence concerning his right lower extremity, such as notes from Dr. Roman indicating that Trinemeyer's gait was slow and antalgic; tenderness; and an inability to heel, toe, or tandem walk. Trinemeyer argues that "it is not unreasonable to assume that Trinemeyer's limited ability to walk and stand, based on the medical examination would preclude him from standing and walking two hours a day." (Pl.'s Br. at 27, ECF No. 19 at 27.) Trinemeyer also argues that although the ALJ gave great weight to an opinion from a treating physician finding that Trinemeyer's right ankle would likely continue to remain painful and would deteriorate over time, the ALJ failed to explain how such a finding would be consistent with the ability to stand and walk two hours per day, five days per week. However, review of the ALJ's decision reflects specific consideration of this evidence in determining Trinemeyer's limitations. For example, after discussing Dr. Roman's findings, the ALJ stated that

> [a]lthough Dr. Roman did not specify the severity of the claimant's standing and walking limitations, her opinion and her findings on examination have been accorded great weight in determining that the claimant's right ankle degenerative joint disease limits him to the performance of work-related activities at the sedentary exertional level with no climbing and occasional performance of other postural activities.

(Tr. 26.) The ALJ also addressed the statement concerning Trinemeyer's right ankle, finding that "[a]lthough [the statement] is somewhat vague, this opinion has been accorded great weight in the determination that the claimant's ankle limits him to a restricted range of work at the sedentary exertional level." (Tr. 27.)

Trinemeyer also argues that the ALJ erred in failing to explain how he incorporated limitations from Trinemeyer's migraine headaches into Trinemeyer's residual functional capacity.



Trinemeyer points to evidence discussing his headaches and migraines and the symptoms associated with them, such as an inability to function, vomiting or nausea, phonophobia, and photophobia. However, the ALJ's decision also reflects specific consideration of this impairment and its limitations. For example, the ALJ's decision includes the following discussion:

> The claimant's migraine headaches were also assessed in the February 2015 compensation and pension examination. During this examination, the claimant reported that he experienced 1 to 3 headaches per month. Taking Excedrin Migraine seemed to help with his headaches, along with seeking out a cool, dark, quiet place. On average, the claimant experienced prostrating attacks of migraine pain about once a month. He reported that when he had a headache at school, he tried to work through the headache but his ability to work was slowed down by the headache (Exhibit 9F/63- 66). The undersigned finds that the restrictions against exposure to work hazards and no fast paced production environment appropriately accommodate the claimant's migraines associated with his history of traumatic brain injury, considering the claimant's description of the effects of his migraines on his school functioning.

(Tr. 28.)

Moreover, review of the ALJ's decision as a whole reveals that the ALJ discussed the evidence in detail and fully explained the basis for the residual functional capacity assessment. Therefore, although Trinemeyer may be able to point to selective records in support of his position, the court finds that Trinemeyer has failed to demonstrate any error by the ALJ or that the ALJ's residual functional capacity assessment is unsupported by substantial evidence.

C.     **Credibility**

With regard to subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig, 76 F.3d at 594. The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical,



physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Id. (internal quotation omitted). During the second step, the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects [his] ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges []he suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

    (i)      Your daily activities;
    (ii)     The location, duration, frequency, and intensity of your pain or other symptoms;
    (iii)    Precipitating and aggravating factors;
    (iv)    The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
    (v)     Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;



> (vi)  Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

In this case, the ALJ summarized Trinemeyer's allegations as follows:

> In June 2014, the claimant reported that he was able to go to school, perform inside chores, use the microwave, bathe independently, ride a motorcycle, and shop with assistance. He rode the motorcycle for therapy but could not drive a car for fear of being trapped. He could walk about 100 yards, but did not require an assistive device. The claimant could lift up to 20 pounds with both hands. He had difficulty standing or walking for extended periods. His frequent severe migraines interfered with his attendance and caused vomiting, nausea, pain, and sensitivity to light, sound, and smell. The claimant was uncomfortable around people, but was able to attend school Monday through Friday and attend church every other Sunday. The claimant did his homework, attended medical appointments, walked the dog a short distance to the dog park, did laundry, did dishes, did household repairs, shopped once a week, and managed his finances. He required reminders to bathe, brush his teeth, and take his medications. The claimant had problems with irritability, concentration, and completing tasks. He was able to pay attention for only 5 to 10 minutes, but could follow written instructions very well (Exhibits 10E and 11E).
>
> In July 2014, the claimant stated that the VA was paying for him to attend Horry Technical College full time to work toward a degree in occupational therapy. He reported that he had some trouble hearing, but he had hearing aids and sat toward the front of the class. He was doing well with his schoolwork. The claimant had 2 to 3 migraines per month that could last from a couple of hours to a few days. During a migraine, he was sensitive to light and sound. Sometimes he misses school due to a migraine, but the school permits the absences because the claimant was injured in the military (Exhibit 13E).
>
> At the hearing, the claimant testified that he stopped his last job at Costco because he could no longer keep up with the physical demands of the job. He receives VA disability benefits because he cannot do his prior job as a welder. The claimant has symptoms of anxiety, paranoia, PTSD, migraines, ankle issues, lower back pain, and cervical spine pain. His migraines occur about twice a month and usually last for 1 to 1½ days. The claimant takes over-the-counter medications for pain and will not take prescription pain medications due to adverse side effects. He sees a mental health provider twice a month and a doctor every 2 months. The claimant has lower



>back pain with sitting. He can stand for only 10 minutes at a time due to his right ankle. The claimant is attending classes to become a counselor and expects to graduate this fall with his Associate's Degree then transfer to Coastal Carolina University to work toward a Bachelor's Degree. He has hearing loss in his left ear but no problems with his right ear. The claimant's PTSD causes symptoms of impatience, anger, irritability, paranoia, anxiety, and problems being around groups of people. He admitted that he is able to perform activities of personal care independently, vacuum, fold clothes, and attend school successfully 4 days per week. The claimant gets paranoid with driving and does not cook due to a bad experience during which the oven exploded. He has traumatic brain injury from blasts during his military service. In his college classes, the claimant is permitted to sit in the back of the room, can do private testing, and has tutoring services. He has had one altercation with another student. The claimant's ankle was injured in a car accident and required surgery in 2011. His residual ankle pain precludes running, prolonged standing, and walking. The claimant attempted suicide once. He cries and becomes angry when dealing with stress.

(Tr. 23.)

Trinemeyer first argues that the ALJ's credibility findings are ambiguous. Trinemeyer points out that the ALJ first found that Trinemeyer's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Trinemeyer's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible based on the record in this case. (Tr. 23-24.) Trinemeyer then points out that the ALJ also found that "[t]he claimant's description of his functioning is generally credible and is largely consistent with the residual functional capacity described above." (Tr. 30.) Trinemeyer argues that these ambiguous findings render the credibility analysis without a proper explanation, requiring remand. The court disagrees.

The ALJ's decision as a whole reflects a thorough evaluation of the record in this matter and Trinemeyer's credibility. After summarizing Trinemeyer's allegations and initially stating that Trinemeyer's statements concerning the intensity, persistence, and limiting effects of these



symptoms were not entirely credible based on the record in this case, the ALJ then proceeded to summarize and analyze all of the medical evidence, as well as the opinion evidence, including medical evaluations and opinions from relatives. (Tr. 24-30.) The ALJ then concluded, stating,

> [i]n sum, the record reflects that the claimant had a very active military career with multiple injuries. Currently, the claimant is attending college full time with only minor accommodations and is reportedly doing well. His primary complaints currently include right ankle pain, recurrent headaches, and trouble with anger and patience associated with his PTSD. The claimant's right ankle pain and limited range of motion reasonably restrict him to work at the sedentary exertional level with the stated postural limitations. Notably, he retains the ability to ride a motorcycle on an almost daily basis. The claimant's complaints of anger and irritability have been considered in including the limits on social interaction, although the claimant has been able to maintain a good relationship with his wife and testified that he does better dealing with people one-on-one. The additional limitations are designed to restrict the claimant's exposure to stress that could exacerbate his symptoms, although he apparently believes he can eventually become an occupational therapist which would involve social interaction and likely stress. The claimant's description of his functioning is generally credible and is largely consistent with the residual functional capacity described above.

(Tr. 30.)

Thus, upon review of the ALJ's decision as a whole, the records, and the parties' briefs, the court finds that Trinemeyer has failed to demonstrate the ALJ's evaluation of Trinemeyer's credibility is unsupported or controlled by an error of law. As stated above, it the ALJ's duty to weigh credibility. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"). Moreover, the ALJ's decision as a whole reflects that he considered and evaluated the relevant factors in weighing Trinemeyer's credibility, and in fact, credited many of Trinemeyer's allegations by limiting him to a reduced range of sedentary work. See 20 C.F.R. § 404.1529(c)(3); Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's



allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); Blalock, 483 F.2d at 775 (indicating that even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).

Even if the court were to agree that the initial boilerplate statement regarding Trinemeyer's credibility is not mirrored by the ALJ's later concluding statements, the court cannot say that the ALJ's evaluation and ultimate determinations regarding Trinemeyer's credibility would require remand. Viewing the decision as a whole, it is clear that the ALJ evaluated this evidence and weighed the applicable factors. Although Trinemeyer argues that the ALJ failed to account for all of Trinemeyer's limitations, the court disagrees. As indicated above, the ALJ specifically considered Trinemeyer's migraines and the credible limitations stemming from them. Moreover, to the extent Trinemeyer may be able to point to selective records or activities that may support his subjective complaints, the court may not substitute its judgment for the Commissioner's and finds that the ALJ's conclusions are within the bounds of the substantial evidence standard. See Craig, 76 F.3d at 595 (stating that a claimant's subjective complaints of pain itself or its severity "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers"). Thus, Trinemeyer has failed to demonstrate that the ALJ's evaluation of his credibility is unsupported by substantial evidence or controlled by an error of law.



## RECOMMENDATION

For the foregoing reasons, the court finds that Trinemeyer has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517.  The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 8, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).