IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher A. Trinemeyer, ) | |
| ) | Civil Action No. 0:15-cv-4325-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Christopher A. Trinemeyer ("Trinemeyer"), brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA").[1]  This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 27).[2]  The Report recommends that the Commissioner's decision be affirmed.

**I. Background**

Trinemeyer filed an application for DIB in May 2011, alleging that he became unable to work on September 1, 2010, due to post-traumatic stress disorder, depressions, and peroneal

---

[1]Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017.  Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2]The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

tendon reconstruction.  He later amended his alleged disability onset date to August 2, 2013.  His application was denied initially and on reconsideration by the Social Security Administration.  He requested a review by an administrative law judge ("ALJ"), and an ALJ conducted a hearing on May 15, 2015.

On June 9, 2015, the ALJ issued a decision, finding that Trinemeyer was not disabled as defined in the SSA.  The ALJ found that Trinemeyer suffered from a combination of severe impairments of post-traumatic stress disorder ("PTSD"), degenerative joint disease, history of traumatic head injury, and migraines  The ALJ went on to find that Trinemeyer's impairments did not meet or medically equal the criteria for any of the listed impairments through the date last insured of August 2, 2013.  Accordingly, the ALJ proceeded to assess Trinemeyer's residual functional capacity ("RFC"), finding that Trinemeyer could perform sedentary work with some limitations.  The ALJ concluded that Trinemeyer could not perform his past relevant work, but that he could perform other jobs in existence in the national economy in significant numbers and, therefore, denied his claim.

Trinemeyer sought review by the Appeals Council. On August 18, 2015, the Appeals Council declined to review the ALJ's decision.  Trinemeyer then filed this action for judicial review on October 22, 2015.  The magistrate judge filed his Report on November 8, 2016.  (ECF No. 27).  On December 1, 2016, Trinemeyer filed objections to the Report (ECF No. 30), and on December 15, 2016, the Commissioner filed a reply to those objections (ECF No. 31).  This matter is now ripe for review.

## II.  Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III.  Analysis

In his objections, Trinemeyer contends that the magistrate judge erred by finding that ALJ correctly: 1) weighed the opinions of the Veterans' Administration ("VA") and Dr. Norman Farley, Ph.D.; 2) determined Trinemeyer's RFC; and 3) assessed his credibility.

**A) VA and Dr. Farley's Opinions**

First, as to the VA disability opinion, Trinemeyer contends that the ALJ failed to properly consider the VA opinion evidence. Trinemeyer has a total 90% service connected disability rating with a 70% rating due to PTSD and a 20% due to limited motion of his right

ankle. (Tr. 383).³  In the record, there is a Compensation and Pension Review examination from February 2015, but the actual disability determination and decision from the VA is not in evidence.

In *Bird*, the Fourth Circuit Court of Appeals held that an ALJ is to give a VA disability rating substantial weight unless the record clearly demonstrates that the rating deserves less than substantial weight. Moreover, pursuant to *Bird*, the ALJ is required to explain his treatment of the VA ratings in the written decision. *Bird v. Comm'r of Social Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012).  In his decision, after discussing the holding in *Bird*, the ALJ stated that the evidence as to Trinemeyer's VA combined 90% disability rating "is vague and offers very little insight into the claimant's specific work related abilities and limitations." (ECF Nol. 10-2 at 30-31).

Trinemeyer argues that the ALJ did not explain how the evidence which is in the record does not support the VA opinion and argues that the ALJ omitted several findings that support his claim and the VA disability assessment. (Objections at 4). Specifically, Trinemeyer states that the record did not include a VA rating as the ALJ suggests, but rather only a Compensation and Pension examination, and thus he asserts that the ALJ failed to comply with *Bird*.

To be clear, Trinemeyer specifically states that he is not asserting that the ALJ erred in not obtaining the records, but rather that the ALJ erred in assigning weight to a record that is not in evidence. (Objections at 2). The ALJ considered the VA's rating to the extent the evidence presented it.  However, as the only evidence in the record pertaining to the VA disability rating was a Compensation and Pension examination from February 2015 and not the disability

---

³The VA disability rating also included the following disability ratings: 10% lumbosacral or cervical strain; 10%  ursitis; 10% lumbosacral or cervical strain; 10% facial scars; 10% tinnitus; 10% flat foot condition; 10% traumatic brain disease; and 10% limited motion of the jaw. (Exhibit 3F/12).

decision itself, the court finds that the ALJ did not err by according little weight to the VA's disability rating.

A claimant seeking DIB has the burden of furnishing medical and other evidence at steps one through four. *Rodgers v. Colvin,* C/A No. No. 5:13-CV-45-D, 2015 WL 636061, *9 (E.D. N.C. Feb. 13, 2015) (holding that "[g]iven the lack of evidence of record pertaining to Claimant's VA disability rating and the medical evidence and rationale underlying that rating, the undersigned determines that the ALJ did not err by according little weight to Claimant's numerical VA disability rating."). *See also Cox v. Astrue*, C/A No. 5:11-cv-527-D, 2013 WL 363755, at *2 (E.D.N.C. Jan. 30, 2013) (holding the ALJ did not err in failing to consider an alleged state disability determination where the claimant produced no evidence of the alleged disability determination). Trinemeyer has not moved to admit the VA disability rating decision or provided it to the court at any stage of the proceedings and offers no explanation for why that decision was not made a part of the administrative record below. The ALJ appropriately considered the evidence of record which was a Compensation and Pension examination and references to the VA disability rating.

Second, as to Dr. Farley's opinion, Trinemeyer argues that while the ALJ stated that the evidence in the record did not show any worsening of Trinemeyer's condition, he failed to point to any contrary evidence. (Objections at 6). Dr. Farley performed a Compensation and Pension examination for the VA in February 2015. Specifically, the ALJ assessed Dr. Farley's opinion and accorded it limited weight. (ECF No. 10-2 at 30). Dr. Farley found that Trinemeyer continued to meet the criteria for PTSD and opined that Trinemeyer's symptoms had worsened and his functioning had decreased since his prior evaluation. The ALJ found that Dr. Farley's opinion was based on a single examination and it was not entirely consistent with the medical

evidence of record which does not document a worsening mental symptoms or decreased functioning. (ECF No. 10-2 at 30).

Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians, and the opinions of examining non-treating physicians are afforded less weight than those of treating physicians. 20 C.F.R. § 404.1527(d)(1)-(2).[4] "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . . or has not given good reason for the weight afforded a particular opinion." *Craft v. Apfel*, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

A noted above, the ALJ found that Dr. Farley's opinion was based on a single examination and it was not entirely consistent with the medical evidence of record which does not document a worsening mental symptoms or decreased functioning. (ECF No. 10-2 at 30). As the magistrate judge concluded (Report at 8-9), there is substantial evidence to support the ALJ's decision to accord Dr. Farley's opinion limited weight.

---

[4]Section 404.1527 provides that:

> Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s).

B)  RFC

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). In assessing RFC, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's RFC.

Trinemyer argues that the ALJ erred in failing to evaluate whether Trinemeyer could perform the standing and walking required of sedentary work. Trinemeyer cites to Dr. Roman's conclusion that walking and standing were limited by right lower extremity injuries and Trinemeyer's gait was slow and antalgic, and Trinemeyer's treating physician who stated that the right ankle would continue to remain painful and deteriorate over time. The ALJ noted that Dr. Roman did not specify the severity of Trinemeyer's standing and walking limitations, but the ALJ accorded Dr. Roman's opinion great weight and limited Trinemeyer to a restricted range of sedentary work with no climbing and occasional performance of other postural activities.  (ECF No. 10-2 at 27). The ALJ found some limitations were warranted, but concluded that Trinemeyer could perform sedentary work with some restrictions.  The magistrate judge noted that a review of the ALJ's decision reflected a specific consideration of the evidence in determining Trinemeyrer's RFC. (Report at 10).  In his objections, Trinemeyer contends that Dr. Roman's treatment notes indicated that Trinemeyer's ankle dorsiflexon was diminished to 12 degrees and he was unable to heel, toe, or tandem walk, and despite these findings, the ALJ found that Trinemeyer could walk up to two hours a day, five days a week.  (Objections at 7).

Dr. Roman did not opine that Trinemeyer was restricted to walking less than  two hours a day, five days a week.  Moreover, Dr. Roman's treatment notes do not preclude a finding that

Trinemeyer could walk up to two hours a day, five days a week. *Hicks v. Colvin*, C/A No. 12-618, 2014 WL 670916, at *18 (W.D.Va. Feb. 20, 2014) (finding no error in ALJ's RFC assessment that plaintiff could frequently handle, finger, and feel, as plaintiff's treating physician did not offer specific functional restrictions or limitations and the RFC sufficiently accounted for plaintiff's CREST syndrome diagnosis). The ALJ's limitation as to walking in the RFC accounted for Trinemeyer's inability to heel, toe, or tandem walk, and his diminished ankle dorsiflexon. Accordingly, the ALJ's decision is supported by substantial evidence in the record.

     C) Credibility

Finally, Trinemeyer contends that the ALJ erred in evaluating his credibility. The magistrate judge found that as a whole the ALJ's decision reflects a thorough evaluation of the record. (Report a t 14). The magistrate judge noted that the ALJ credited many of Trinemeyer's allegations by limiting him to sedentary work. *Id.* at 15. Trinemeyer argues that the ALJ's credibility determination was ambiguous because the ALJ found Trinemeyer generally credible, but did not explain why he did not consider Trinemeyer's statement that he could stand for only ten minutes, he missed work due to migraines, or that he had severe problems related to PTSD. (Objections at 8). Here, Plaintiff does nothing more than generally reargue what the magistrate judge has already considered and rejected. The magistrate judge ably and thoroughly addressed the record evidence on this issue and concluded there is substantial evidence in the record to support the credibility finding of the Commissioner. The court agrees with the magistrate judge's recommendation on the credibility issue.

### IV. Conclusion

Having reviewed the record in light of these objections, and under the appropriate standards, the court concurs with both the reasoning and the result reached by the magistrate

judge in his Report. The ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

February 13, 2017  
Anderson, South Carolina

9